IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD BARNES,

    Petitioner,                        No. 2:09-cv-0736-LKK-JFM (HC)

    vs.

KATHLEEN DICKINSON,           ORDER AND

    Respondent.                  FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on petitioner's amended petition filed August 20, 2009, challenging a May 12, 2009 decision of the California Board of Parole Hearings to deny him a parole date. This matter is before the court on respondent's motion to dismiss the action for failure to exhaust state court remedies. Petitioner has opposed the motion.[1]

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

---

[1] On February 18, 2010, petitioner filed a document styled "A Motion for Writ of Mandamus to Show Cause for Contempt of Court." The court construes this document as petitioner's opposition to respondent's motion to dismiss.

1

1  be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[2]  A waiver of exhaustion,
2  thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by
3  providing the highest state court with a full and fair opportunity to consider all claims before
4  presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.
5  Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

6        After reviewing the petition for habeas corpus, the court finds that petitioner has
7  failed to exhaust state court remedies.  The claims have not been presented to the California
8  Supreme Court.  Further, there is no allegation that state court remedies are no longer available to
9  petitioner.  Accordingly, respondent's motion to dismiss should be granted and the petition
10 should be dismissed without prejudice.[3]

11       Good cause appearing, IT IS HEREBY ORDERED that petitioner's February 18,
12 2010 motion for writ of mandamus is construed as an opposition to respondent's February 2,
13 2010 motion to dismiss; and

14       IT IS HEREBY RECOMMENDED that:

15       1. Respondent's February 2, 2010 motion to dismiss be granted; and

16       2. This action be dismissed without prejudice for failure to exhaust state
17 remedies.

18       These findings and recommendations will be submitted to the United States
19 District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
20 fourteen days after being served with these findings and recommendations, any party may file

---

22  [2] A petition may be denied on the merits without exhaustion of state court remedies. 28
23  U.S.C. § 2254(b)(2).

24  [3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the
25  conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other
26  collateral review is pending. 28 U.S.C. § 2244(d).

written objections with the court.  Such a document should be captioned "Objections to Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 4, 2010.

                                 /s/ John F. Moulds
                                 UNITED STATES MAGISTRATE JUDGE

12
barn0736.mtd